**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000522**
**30-NOV-2016**
**09:32 AM**

NO. CAAP-15-0000522 AND CAAP-15-0000523

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NO. CAAP-15-0000522

STATE OF HAWAI'I, Plaintiff-Appellee, v.
PATRICK TAKEMOTO, Defendant-Appellant
(CR. NO. 11-1-0459)

AND

NO. CAAP-15-0000523

STATE OF HAWAI'I, Plaintiff-Appellee, v.
PATRICK K. TAKEMOTO, Defendant-Appellant
(CR. NO. 11-1-0857)

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

MEMORANDUM OPINION
(By: Nakamura, C.J., and Reifurth and Ginoza, JJ.)

In Case No. CAAP-15-0000522, Defendant-Appellant
Patrick K. Takemoto appeals from the Order of Resentencing, filed
on June 19, 2015 in Cr. No. 11-1-0459. In Case No. CAAP-15-
0000523, Takemoto appeals from the Order of Resentencing, filed
on June 19, 2015 in Cr. No. 11-1-0857. Both Orders of
Resentencing were entered by the Circuit Court of the First
Circuit ("Circuit Court").[1] On August 5, 2015, the appeals were
consolidated. On appeal, Takemoto alleges that the Circuit Court
erred:[2] (1) "by ordering consecutive sentences, without notice,

---

[1] The Honorable Steven S. Alm presided.

[2] Takemoto's points of error are restructured for clarity.

to a conviction occurring after the conviction in the instant
cases"; (2) "by 'not stating on the record at the time of
sentencing the reasons for imposing a consecutive [instead of a]
concurrent sentence'"; (3) when it did not ensure that Takemoto
had the benefit of, or waived counsel, when he was convicted in
Cr. No. 13-1-1535; and (4) "by overruling another trial court's
order without finding a cogent reason to do so."

I.    Background

        In Cr. No. 11-1-0459, Takemoto was charged with
Terroristic Threatening in the First Degree, Criminal Property
Damage in the Third Degree, and Criminal Property Damage in the
Fourth Degree, as the result of an incident where Takemoto swung
a baseball bat at his sister and then proceeded to damage
vehicles belonging to his sister and her boyfriend.  In Cr. No.
11-1-0857, Takemoto was charged with Terroristic Threatening in
the First Degree, Criminal Property Damage in the Second Degree,
Criminal Property Damage in the Third Degree, and Criminal
Property Damage in the Fourth Degree, as the result of an
incident where Takemoto threatened to kill a man and his family
with a metal blade and a kitchen knife, and then proceeded to
damage the man's vehicle with the metal blade.
        On August 30, 2011, the Circuit Court referred Takemoto
to the Mental Health Court for assessment and possible admission
in both criminal cases.  The Mental Health Court denied Takemoto
admission on January 18, 2012, because Takemoto's "speedy trial
rights are tolled only until the next scheduled court date."  On
January 20, 2012, Takemoto entered guilty pleas in both cases.[3][4]
        On April 13, 2012, the Circuit Court sentenced Takemoto

---

[3]    On January 18, 2012, Takemoto changed his plea to the offenses
charged in Cr. Nos. 11-1-0459 and 11-1-0857 and signed Guilty Plea forms in
each case.  In Cr. No. 11-1-0857, Takemoto had a plea agreement with the State
in which he pled guilty to Counts I-III, but as to Count IV, pled guilty to a
reduced charge of Criminal Property Damage in the Fourth Degree.

[4]    The Honorable Richard W. Pollack presided over the change of plea
proceedings and original sentencing.

to concurrent terms of HOPE probation[5] on all counts in both cases, with the sentences in each case to run concurrent with the other. In addition, and among other things, the Circuit Court sentenced Takemoto to a nine-month term of incarceration in Cr. No. 11-1-0459 and ten-month term in Cr. No. 11-1-0857 with credit for time served in both cases.

While on HOPE probation[6] Takemoto's probation officer filed motions to modify and revoke Takemoto's probation in both cases. On September 28, 2012, the probation officer filed motions for modification of probation stating that Takemoto failed to submit to a urinalysis test on September 18, 2012. The Circuit Court later noted that no violation occurred because Takemoto signed in for the urinalysis test, but no record of the test was found, and no further action was taken on the motions.

On May 20, 2013, Takemoto admitted to his probation officer that he had used marijuana a few days earlier causing the probation officer to file motions for modification of probation in both cases on May 21, 2013. On May 22, 2013, at the hearing on the May 21, 2013 motions for modification of probation, the Circuit Court found that there was a violation of probation, cautioned Takemoto to comply with the terms and conditions of his probation, and imposed a sentence of time served.

On October 15, 2014 Takemoto's probation officer filed a motion for revocation of probation because Takemoto violated the terms and conditions of his probation when he was convicted of attempted assault in the second degree and terroristic threatening in the first degree on March 5, 2014.[7] The Circuit Court continued the hearing on the motion for approximately eight

---

[5] "HOPE" stands for Hawaiʻi's Opportunity Probation with Enforcement probation program.

[6] The Honorable Steven S. Alm presided while Takemoto was in HOPE probation, and also during Takemoto's re-sentencing.

[7] Takemoto attached the Judgment from *State v. Takemoto*, Cr. No. 13-1-1535 as Appendix C to his opening brief. While, generally, an exhibit that does not appear to be part of the record on appeal will not be considered, Haw. R. App. P. 28(b)(10) ("Anything that is not part of the record shall not be appended to the brief, except as otherwise provided in this rule."), the State requested that this court take judicial notice of the change of plea and judgment in Cr. No. 13-1-1535 as discussed in section III(3).

months.  Within that time peirod, on February 12, 2015, Takemoto's counsel orally moved to withdraw from further representation of Takemoto

> on the basis that the pending motion before the court, revocation indicates a conviction of a charge that he pled to before Judge Garibaldi.  It's a 2013 case.  It's indicated that he alleges that we did not properly advise him that he would be looking at the consecutive or repeat possible sentencing in his case.

The Circuit Court granted counsel's oral request to withdraw.

On June 19, 2015, the Circuit Court granted the motion to revoke Takemoto's probation.  At the hearing, the court acknowledged defense counsel's statement that Takemoto could not serve a term of probation and a term of imprisonment at the same time.  Takemoto agreed that he was in violation of his probation when he was convicted on March 5, 2014 before Judge Garibaldi, and the Circuit Court took judical notice of the records and files from Cr. No. 13-1-1535.  The Circuit Court found that "Mr. Takemoto has inexcusably failed to comply with a substantial requirement imposed as a condition of probation and that such failure to comply was unreasonable."  With regard to re-sentencing, the State requested open terms in Cr. Nos. 11-1-0459 and 11-1-0857 and restitution.  Defense counsel agreed, but requested that everything, including the sentence from Cr. No. 13-1-1535, run concurrent.  The Circuit Court sentenced Takemoto to restitution and five years of incarceration for both cases, to run concurrently with each other, but to run consecutive to the sentence in Cr. No. 13-1-1535.[8]

Defense counsel objected, asserting that in Cr. No. 13-1-1535, Judge Garibaldi "ordered that the term of imprisonment be served concurrently with any other term of imprisonment[,]" and

---

[8]     Specifically, Takemoto was resentenced as follows:

> [I]n Criminal No. 11-1-459 [Case No. CAAP-15-522], five years in prison in Count 1, one year in prison in Count 2, one year in prison in Count 3.  And in Criminal No. 11-1-857 [Case No. CAAP-15-523] it's five years in prison, Count 1, five years in prison in Count 2, and a year in prison in Count 3.  I don't believe the petty misdemeanor is still with us.  Uh, but if it is, it's 30 days in jail for that.  All of those are to be run concurrently with each other but running consecutive to the assault in Judge Garibaldi's case.

should therefore preclude the Circuit Court from making Cr. Nos. 11-1-0459 and 11-1-0857 run consecutively to Cr. No. 13-1-1535. The Circuit Court disagreed, stating,

> I disagree. You can appeal that. She was operating before me. This case - I mean before I ruled on this. This was not part of a plea agreement that was there as far as I understand it, and she just proceeded and gave him the five years in prison. So she can at that point have it run concurrently with anything that was sentenced at the time, but she can't bind a future judge's ruling which is what she'd be able to do with me. That isn't the way the law works.

Takemoto's counsel continued to argue that "[HRS §] 706-606 reasoning doesn't comport with this court's . . . finding that it should run consecutive[.]" The Circuit Court determined,

> He was convicted. But instead of being sent to prison, he was put on probation for these felony counts of terroristic threatening in the first degree. . . . And then while he was on probation he went out and commited another violent felony. So that's separate. He got the five years in prison.
>
> So I'm looking at his behavior on probation for these [terroristic threatening in the first degree convictions]. And now he's convicted of a new violent felony. The statutes give me the right to sentence him as I think appropriate, and I think consecutive sentencing is needed to protect the other members of his family and the public.

Takemoto timely appealed the two June 19, 2015 Orders of Resentencing to this court. We affirm.

II. STANDARD OF REVIEW

*Sentencing*

> A sentencing judge generally has broad discretion in imposing a sentence. The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision. Factors which indicate a plain and manifest abuse of discretion are arbitrary or capricious action by the judge and a rigid refusal to consider the defendant's contentions. And, generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

*State v. Mundon*, 121 Hawai'i 339, 349, 219 P.3d 1126, 1136 (2009) (quoting *State v. Kahapea*, 111 Hawai'i 267, 278, 141 P.3d 440, 451 (2006)).

III. Discussion

(1) In Takemoto's first point of error, he claims that "the [Circuit C]ourt erred by ordering consecutive sentences,

5

without notice, to a conviction occurring after the conviction in the instant cases." Specifically, Takemoto argues that in Cr. No. 13-1-1535, Judge Garibaldi sentenced Takemoto to a term of incarceration "concurrent with any other term of imprisonment[,]" and there was no updated presentence diagnosis and report ("PSI"), and, therefore, no notice was given that Takemoto could be sentenced to consecutive terms for Cr. Nos. 11-1-0459 and 11-1-0857. Takemoto contends that *State v. Sinagoga*, 81 Hawaiʻi 421, 918 P.2d 228 (App. 1996), *overruled on other grounds by State v. Veikoso*, 102 Hawaiʻi 219, 226 n.8, 74 P.3d 575, 582 n.8 (2003), supports his position. This argument is without merit.

Probation shall be revoked "if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony." Haw. Rev. Stat. § 706-625(3) (2014). Further, "[w]hen the court revokes probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which the defendant was convicted." Haw. Rev. Stat. § 706-625(5).

Accordingly, the plain language of HRS § 706-668.5, which sets forth the statutory framework for multiple sentences, states in relevant part:

(1)    If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different times, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively.

(2)    The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in [HRS] section 706-606.

Haw. Rev. Stat § 706-668.5(1)-(2) (2014).

Here, Takemoto received notice that he could be subject to consecutive sentencing for his convictions. In both earlier criminal cases, Takemoto signed his Guilty Plea form where he acknowledged that,

6.    I understand that the court may impose any of the following penalties for the offense(s) to which I now plead: the maximum term of imprisonment, any extended

6

> term of imprisonment, and any mandatory minimum term of imprisonment specified above; *consecutive terms of imprisonment (if more than one charge)*; restitution, a fine; a fee and/or assessment; community service; probation with up to one year of imprisonment and other terms and conditions.

(Emphasis added.) Takemoto also signed and acknowledged that he understood the Terms and Conditions of Probation, which stated that "[u]pon any failure to comply with each of the terms and conditions of your probation, including special conditions, the court may revoke your probation and sentence you to prison or change or add to the conditions of your probation[,]" for both Cr. Nos. 11-1-0459 and 11-1-0857. Furthermore, the Circuit Court confirmed that Takemoto understood that his signature meant that he understood the contents of the plea agreement form.

Moreover, during the June 19, 2015 revocation and sentencing hearing, Takemoto was represented by counsel, who agreed with the court's assessment that Takemoto was convicted in Cr. No. 13-1-1535, waived Takemoto's right to a violation of probation hearing, and did not object when the Circuit Court took judicial notice of the records and files from the conviction arising from Cr. No. 13-1-1535. Takemoto, himself, agreed that he violated his probation and gave up his right to a hearing on the violation. Accordingly, Takemoto cannot claim that he did not receive notice that he could be subject to consecutive sentences at the June 19, 2015 hearing. *Cf. State v. Auld*, 136 Hawaiʻi 244, 250, 257, 361 P.3d 471, 477, 484 (2015) (affirming this court's holding that a defendant sentenced under HRS § 706-606.5 was given reasonable notice and afforded the opportunity to be heard when defendant had the opportunity to oppose the State's motion for imposition of a mandatory minimum sentence, was represented by counsel at the hearing on the motion, and failed to object to the trial court's taking judicial notice of the record in both prior convictions, and therefore did not violate defendant's due process rights).

Additionally, Takemoto contends that the Circuit Court erred by not requiring an updated PSI. Takemoto refers to *Sinagoga* to support his argument, but fails to offer any support for the proposition that an updated PSI was required for

resentencing. The Hawaiʻi Supreme Court has explained that "[i]n resentencing cases, the ordering of the [PSI] is within the discretion of the court." *State v. Fry*, 61 Haw. 226, 231, 602 P.2d 13, 17 (1979).

Here, a PSI was prepared after the original conviction in 2012. No additional PSI was prepared for resentencing on June 19, 2015. However, because Takemoto was on HOPE probation, his resentencing judge was the same judge monitoring him while he was serving HOPE probation and was aware of his past issues. Therefore, the Circuit Court did not abuse its discretion by not ordering another PSI.

(2) Takemoto's second argument on appeal is that the Circuit Court erred by not stating its reasons for imposing a consecutive sentence rather than a concurrent one. Takemoto further asserts that while the Circuit Court gave some reasons for the consecutive sentences, the Circuit Court failed to explain "why a consecutive sentence rather than a concurrent one was required [since t]here was no evidence presented as to why other members of his family were in danger due to his behavior." Takemoto's argument is without merit.

The law requires that the sentencing court consider the following:

> The court, in determining the particular sentence to be imposed, shall consider:
>
> (1)   The nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)   The need for the sentence imposed:
>
> (a)   To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
>
> (b)   To afford adequate deterrence to criminal conduct;
>
> (c)   To protect the public from further crimes of the defendant; and
>
> (d)   To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3)   The kinds of sentences available; and
>
> (4)   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found

> guilty of similar conduct.

Haw. Rev. Stat. § 706-606 (2014).

In *State v. Hussein*, 122 Hawai'i 495, 509, 229 P.3d 313, 327 (2010), the Hawai'i Supreme Court held that a sentencing court "must state its reasons as to why a consecutive sentence rather than a concurrent one was required."  However,

> [a] sentencing court is not required to articulate and explain its conclusions with respect to every factor listed in HRS § 706-606.  Rather, "it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606."  Thus, the sentencing court is required to articulate its reasoning only with respect to those factors it relies on in imposing consecutive sentences.

*State v. Kong*, 131 Hawai'i 94, 102, 315 P.3d 720, 728 (2013) (citations omitted).  The Hawai'i Supreme Court stated two purposes for requiring the sentencing court to state on the record the reasons for imposing a consecutive sentence: (1) "identify the facts or circumstances within the range of statutory factors that the court considers important," and (2) "confirm for the defendant, the victim, the public, and the appellate court, that the decision to impose consecutive sentences was deliberate, rational, and fair."  *Hussein*, 122 Hawai'i at 509-10, 229 P.3d at 327-28.

Here, the Circuit Court's reasoning satisfied the two purposes set forth in *Hussein*:

> [DEFENSE COUNSEL]:  . . . So the facts, you know, in terms of the reasoning, the [HRS §] 706-606 reasoning doesn't comport with this court's I guess finding that it should run consecutive for the record.
>
> THE COURT:  Okay.  Okay.  Well, and my opinion on that is based on these you're right.  He was convicted.  But instead of being sent to prison, he was put on probation for these felony counts of terroristic threatening in the first degree, so that was an act of grace.  And then while he was on probation he went out and committed another violent felony.  So that's separate.  He got the five years in prison.
>
> So I'm looking at his behavior on probation for these [terroristic threatening in the first degree convictions].  And now he's convicted of a new violent felony.  The statutes give me the right to sentence him as I think appropriate, and I think consecutive sentencing is needed to protect the other members of his family and the public.

First, the Circuit Court's statement that "he was put on probation for these felony counts of terroristic threatening in the first degree. . . .  And then while he was on probation he

9

went out and committed another violent felony[,]" identified the specific facts or circumstances within the range of statutory factors that the Circuit Court considered. *See Hussein*, 122 Hawai'i at 509-10, 229 P.3d at 327-28; *see also* HRS § 706-606(1) (where the sentencing court shall consider "the history and characteristics of the defendant").

Second, the Circuit Court's statement that "looking at [Takemoto's] behavior on probation for these [terroristic threatening in the first degree convictions] . . . now he's convicted of a new violent felony. The statutes give me the right to sentence him as I think appropriate, and I think consecutive sentencing is needed to protect the other members of his family and the public," demonstrates for Takemoto, the public, and this court that the decision to impose consecutive sentences was deliberate, rational, and fair. *See id.* at 509-10, 229 P.3d at 327-28. *Hussein* does not require the Circuit Court to provide additional specific examples for imposing a consecutive sentence, nor does it mandate that evidence besides Takemoto's prior conviction for threatening his sister must be presented as to why Takemoto would be a danger to his family due to his behavior. Accordingly, the Circuit Court did not abuse its discretion when stating its reasons for consecutive sentencing.

(3) In his third point of error on appeal, Takemoto argues that the Circuit Court erred by not ensuring that he either was represented by counsel or waived his right to counsel in Cr. No. 13-1-1535. In support of his contention, Takemoto refers to *Sinagoga*, which held "if a sentencing court gives consideration to the defendant's previous convictions in choosing to impose consecutive, rather than concurrent, terms of imprisonment, the court must ensure that any prior felony, misdemeanor, and petty misdemeanor conviction relied on was a counseled one." 81 Hawai'i at 435, 918 P.2d at 242 (citing *United States v. Tucker*, 404 U.S. 443, 447 (1972)).

Takemoto raises this issue for the first time on appeal. HRAP Rule 28(b)(4) provides, "[p]oints not presented in accordance with [HRAP 28(b)] will be disregarded, except that the

appellate court, at its option, may notice a plain error not presented." Moreover, "[a]s a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases." *State v. Moses*, 102 Hawaiʻi 449, 455-56, 77 P.3d 940, 946-47 (2003). Accordingly, Takemoto's argument is waived.

However, even if we review Takemoto's contention under plain error, any such error was harmless. The No Contest Plea form and the Judgment in Cr. No. 13-1-1535 establish that Takemoto was represented by counsel at the time of his plea.[9/] Inasmuch as this is a fact "capable of accurate and ready determination[,]" Haw. R. Evid. 201(b), we take judicial notice of Takemoto's representation by counsel in Cr. No. 13-1-1535 and conclude that any error in failing to place that fact on the record in the instant case was harmless.

(4) Finally, Takemoto asserts that the Circuit Court erred when it "overrul[ed] another trial court's order without finding a cogent reason to do so." Takemoto contends that "[t]he HOPE probation court . . . abused its discretion knowing that the court in Cr. No. 13-1-1535 had sentenced [Takemoto] to imprisonment 'concurrent with any other term of imprisonment.'" Takemoto's argument is without merit.

Takemoto received a five-year prison sentence in Cr. No. 13-1-1535. That case ended with a judgment of conviction that included both the final adjudication and final sentence because Takemoto pled no contest, and was convicted and sent to prison by Judge Garibaldi. Accordingly, Judge Garibaldi's sentence was not an interlocutory order that required a subsequent judge to provide cogent reasons as to why it did not follow Judge Garibaldi's sentence. Further, Cr. Nos. 11-1-0459 and 11-1-0857 are separate cases from Cr. No. 13-1-1535, and the

---

[9/]    The State argues that,

>    [i]nformation related to [Cr. No. 1-13-1535] is not in the record below because [Takemoto] did not dispute it and in fact noted to the court that [Takemoto] would have to be resentenced to imprisonment as he could not be on probation in the underlying cases at the same time he was serving a sentence of imprisonment in [Cr. No. 1-13-1535].

sentence in Cr. No. 13-1-1535 does not bind the subsequent sentencing ability of the Circuit Court. Therefore, when Judge Garibaldi stated that she sentenced Takemoto to a term of incarceration "concurrent with any other term of imprisonment[,]" it did not bind the Circuit Court in any later case. Takemoto's probation revocation and resentencing in Cr. Nos. 11-1-0459 and 11-1-0857 amounts to a "later case." Therefore, Takemoto's final point of error is without merit.

IV. Conclusion

Based on the foregoing, we affirm the June 19, 2015 Orders of Resentencing entered in the Circuit Court of the First Circuit in Cr. Nos. 11-1-0459 and 11-1-0857.

DATED: Honolulu, Hawai'i, November 30, 2016.


On the briefs:

Dana S. Ishibashi
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

12